## JOHN COLLINS' LESSEE v. WILLIAM RIGUA.

Court of Common Pleas.   Sussex.   May 3, 1797.

*Wilson's Red Book, 163.**

---

\* This case is also reported in *Rodney's Notes*, May 2, 1797.

*Peery* and *Wilson* for plaintiff.  *Bayard* and *Ridgely* for defendant.

Evidence.  Plaintiff's grandfather devised the lands in dispute to plaintiff's father for life, remainder to plaintiff in fee.  Plaintiff's father on the 6th of March, 1781, gave an alienation bond for them to defendant, which was also signed by plaintiff, a minor, penalty £500 conditioned that plaintiff would convey the lands in 1785, when plaintiff should be 21 years old.  March 4, 1785, plaintiff's father gave defendant a receipt for £50, which was also signed by plaintiff, who was 21 three months after signing it.  Plaintiff's father died insolvent, and there was no proof that plaintiff received any thing but one coat of the price of the lands.

Plaintiff's counsel.  Bonds of infants with penalties are void if even for necessaries.  Salk. 675, Cro.Eliz. 920.  And all their contracts not beneficial nor for necessaries are void.  1 Esp.N.P. 184, 1 Pow.Con. 32, 3 Atk. 712.

Defendant's counsel.  An infant's bond is not a void act but voidable, and something must be done to avoid it.  3 Com.Dig. 623.  His feoffment or lease and release are not void but voidable, though he enter before age; and whensoever he delivers an instrument the solemnity of the execution of the deed renders it not void but only voidable, 3 Burr. 1794, 1805, 3 Bac.Abr. 136.  Bond takes effect by sealing and delivery and is therefore only voidable.  Salk. 279, Gilb. 130, 3 Bac.Abr. 145.  Courts of Chancery will direct the consciences of infants, and give their contracts their "just efficacy."  Pow.Con. 41.  An infant may be bound by a presumed agreement.  Pow.Con. 35, Bull.N.P. 154, Esp.N.P. 172.

Reply.  Persons under 21 are not at liberty to prejudice themselves by their contracts, but where there is a semblance of benefit to the infant, the contract is good or voidable at the election of the infant when he comes to age.  3 Burr. 1794 to 1805, in which case the infant was the heir of mortgagee to whom one-half the debt had been paid up, and the residue was paid at that time, to which he was compellable in equity, the lands being only a security for his debt.  Lord Mansfield held it not prejudicial and therefore only a voidable contract and did not rely upon the solemnity of the execution, *i. e.*, the delivery of the deed, but waived the point.  If the delivery of the deed rendered the deed only voidable, then no bond with a penalty, and even not for necessaries, would be void, which is expressly contrary to the books, Salk. 675, Cro.Eliz. 920, 1 Esp.N.P. 184.  The ancient distinction

was that when an interest passed (the books do not say an obligation created, or a duty enjoined) by the delivery of the deed itself (as formerly by actual livery and seisin), there the contract was voidable, but if the deed only gave an authority to do it, it was merely void; yet it is said the better opinion is that it is void in both cases, except in case of a feoffment, 1 Pow.Con. 32, 33. Yet where it is for his benefit it is only voidable, Cro.Car. 502, and such in all conveyances to him, 3 Bac.Abr. 145. Contracts must be by parties able to contract, but infants are held incapable to convey their property, 1 Pow.Con. 32, 3 Bl.Comm. 465. And this incapacity is frequently not physical but moral; it is not always a want of natural, but legal discretion, 1 Pow.Con. 34.

BASSETT, C. J. (Charge.) Much has been said; it appears from the evidence that both plaintiff and defendant set up a title to the land from the same source; therefore defendant cannot object to plaintiff's antecedent claim. But he objects that he has from plaintiff's father and plaintiff a conveyance bond for the tract sued for. In answer to that defense plaintiff says he was an infant when he executed it. It is very true that an infant, if he enters into contracts of this sort, they are not obligatory upon him; that is, that the bond is that voidable act, which plaintiff may take advantage of or not as he chooses. There is this clear distinction warranted by the books, that there are persons whose acts are void, and others whose acts are voidable. A bond entered into by a *feme covert* is void, but a bond entered into by an infant is only voidable, and the books warrant this distinction. If an act was void when done, how could it be made good when the infant comes of age? Whether this point of defense is good or not depends upon the evidence of facts. From the family register and the evidence of Mrs. Townsend the fact of plaintiff's age is to be gathered, and it would appear that plaintiff was twenty years and nine months old when the money was paid. The bond of an infant is not void but voidable, but whether *it is void or not depends upon the facts laid before you.*

The second objection is whether William Collins was dead when the action was brought; as long as William Collins lived, plaintiff had no title. If plaintiff, after he was of age, did any act to confirm the defendant's title, your verdict must be for defendant.

There is a strong distinction between a bond for payment of money and a bond for doing a collateral act, as conveying of land. I was in the practice of the law here nearly 24 years, and there was formerly scarce any title in ejectment without a conveyance bond being part of the title. In the case of *Loftland and*

*Draper* in 1774, a bond was given in evidence by defendant made by a *feme covert*. (*N. B.* I suppose he meant this distinction of his was allowable then.) Bond of an infant is voidable, that is, he may when he comes to age avoid it. The privilege of infancy is not a sword, but a shield; they are not to commit frauds and act improperly.

Verdict conformable to the charge.